# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANOTHER LEVEL REALTY LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NAVIENT,<br><br>　　　　　　Defendant. | Civil Action No. 24-10637 |

## NOTICE OF REMOVAL

TO THE CLERK OF COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant, Navient Solutions, LLC (incorrectly identified in the caption as "Navient") ("NSL"), hereby gives notice of removal of the state court action described below from the Trial Court of Massachusetts, Boston Municipal Court, Dorchester Division – Small Claims, to the United States District Court for the District of Massachusetts (the "Notice of Removal").

### I.　　BACKGROUND

1. On or about January 19, 2024, Plaintiff, Another Level Realty LLC ("Plaintiff"), filed a civil action against NSL by filing a Statement of Small Claim and Notice (for ease of reference, the "Complaint") in the Trial Court of

Massachusetts, Boston Municipal Court, Dorchester Division, captioned *Another Level Realty LLC vs. Navient,* Case No. 2407CV000128EF (the "State Court Action"). True and correct copies of the Complaint and all other documents filed or received in the State Court Action are attached as Exhibit A, pursuant to 28 U.S.C. § 1446(a). These are the only process, pleadings or orders known by NSL to have been filed in the State Court Action.

2. In its Complaint, Plaintiff claims that NSL "knowingly, and willingly violated" the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by "autodialing a real estate brokerage…us[ing] anonymous and spoofed numbers various times" for "years" beginning in 2020. Plaintiff contends that these telephone calls "impeded crucial communications with clients, and sales agents leading to missed opportunities and lost deals." Plaintiff demands $7,000.00 in compensation for its claimed damages, plus $150.00 in court costs. (*See* Exhibit A, Complaint at p. 1.)

3. On or about February 28, 2024, the Municipal Court Clerk's office sent a Notice of Small Claim Trial along with the Complaint via U.S. First Class mail to an address for NSL in Wilmington, Delaware. NSL did not receive a copy of the Complaint until March 5, 2024, when it received the papers forwarded by the Municipal Court Clerk's office. (*See* Exhibit A, Notice of Small Claim Trial and Complaint.)

4. NSL has not yet responded to the Complaint in the State Court Action and is removing the action to this Court prior to its response deadline. No other proceedings have transpired in the State Court Action.

## II.   GROUNDS FOR REMOVAL

**A.   This Court has Federal Question Jurisdiction.**

5. This action is removable because the Court has original jurisdiction under 28 U.S.C. § 1331, which provides in pertinent part that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. In its Complaint, Plaintiff has alleged claims arising under a federal statute – the TCPA, 47 U.S.C. § 227. (*See* Exhibit A, Complaint at p. 1.) Specifically, Plaintiff alleges that NSL engaged in "continuous robocalling" and "automated nuisances" in violation of the TCPA. (*Id.*)

7. Consequently, this Court has federal question jurisdiction under 28 U.S.C. § 1331 because the Complaint purports to assert claims arising under the laws of the United States.

**B.   This Court has Supplemental Jurisdiction Over Any Remaining Claims.**

8. It is not clear if Plaintiff is asserting any claims other than one arising under the TCPA. Regardless, to the extent Plaintiff is asserting any state-law claims, the Court has supplemental jurisdiction over them under 28 U.S.C. § 1367.

9. The allegations in the Complaint are all based upon harm purportedly caused by telephone calls placed by NSL – the same conduct that gives rise to Plaintiff's TCPA claim.

10. The Complaint therefore describes one case and controversy, and the Court has supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367.

**C.    The Notice of Removal is Timely.**

11. This removal is timely because NSL is filing this Notice of Removal within 30 days of the delivery of the Complaint to NSL. As noted, NSL first received the Complaint on March 5, 2024, when it received a copy forwarded by the Municipal Court Clerk's office to an address for NSL in Wilmington, Delaware.

**D.    NSL Has Satisfied All Other Requirements for Removal.**

12. <u>Attachment of Pleadings</u>. Pursuant to 28 U.S.C. § 1446(a), NSL has attached all process, pleadings, or orders in the State Court Action it has received as Exhibit A. A true and correct copy of the docket for the State Court Action is attached as Exhibit B.

13. <u>Venue</u>. Venue is proper in this Court under 28 U.S.C. § 1446(a) because it is the District Court of the United States within which the State Court Action is pending.

14. <u>Notice to State Court/Plaintiff</u>. A copy of the Notice of Filing of Notice of Removal, attached as Exhibit C, will promptly be filed with the clerk in the State Court Action and served on Plaintiff pursuant to 28 U.S.C. § 1446(d). NSL will also file with this Court a Certificate of Service of its Notice to Plaintiff.

**E. Non-Waiver of Defenses**

15. NSL expressly reserves all of its defenses. By removing the State Court Action to this Court, NSL does not waive any rights or defenses available under federal or state law.

16. NSL expressly reserves the right to move for dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12. Nothing in this Notice of Removal should be taken as an admission that this Court has personal jurisdiction over NSL, that venue is proper, or that Plaintiff's allegations are sufficient to state a claim or have any substantive merit. *See Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) ("Petitioner suggests that, by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary."); *In re Lupron Mktg. & Sales Practices Litig.*, 245 F. Supp. 2d 280, 302 (D. Mass. 2003) (removal from state to federal court does not waive the right to object to a lack of personal jurisdiction) (citing *Nationwide Engineering & Control Systems, Inc. v. Thomas*, 837 F.2d 345, 347–348 (8th Cir.1988)).

WHEREFORE, NSL respectfully requests that this Court take jurisdiction of the action and issue all necessary orders and process to remove said action from the Trial Court of Massachusetts, Boston Municipal Court, Dorchester Division to the United States District Court for the District of Massachusetts.

**Stradley, Ronon, Stevens & Young, LLP**

/s/ *Christa A. Menge*
Christa A. Menge (BBO #686338)
100 Park Avenue, Suite 2000
New York, NY 10017
Tel: (212) 812-4124
Fax: (646) 682-7180
cmenge@stradley.com

*Attorneys for Defendant, Navient Solutions, LLC*

Dated: March 15, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that paper copies will be sent to those indicated as non-registered participants on March 15, 2024.

/s/ *Christa A. Menge*
Christa A. Menge

6609662